IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES H. STERN                                                                            PLAINTIFF

V.                                                              CAUSE NO. 3:11-CV-00098-CWR-FKB

CHRISTOPHER B. EPPS                                                                    DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter is before the Court on the Report and Recommendation of Magistrate Judge Keith F. Ball [Docket No. 35] concerning three motions:

- Christopher B. Epps' Motion to Set Aside Default of Clerk [Docket No. 26]
- James H. Stern's Motion for Clarification [Docket No. 30]
- James H. Stern's Motion for Clerk's Entry of Default [Docket No. 31]

Also before the Court is Stern's objection [Docket No. 37] to Judge Ball's Report and Recommendations.

The Court has reviewed the parties' filings, the magistrate judge's Report, and the authority governing the question, and has concluded that the Report and Recommendation should be adopted.

In any case governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.*, "[n]o relief shall be granted to the plaintiff unless a reply has been filed" by the defendants. 42 U.S.C. § 1997e(g)(1). Additionally, "defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213-14 (2007).

To let stand the entry of default against Epps would permit Stern to pursue relief procured

1

without Epps' reply. The PLRA does not permit such action, and Judge Ball's conclusion that the PLRA demands the setting aside of the default was not made in error.

In his objection, Stern offers no argument in opposition to Judge Ball's conclusion. Instead, Stern chiefly takes issue with the magistrate judge's decision to stay the case [Docket No. 32] on April 19, 2011. This Court reviews that nondispositive order for clear error. Fed. R. Civ. P. 72(a).

The magistrate judge based his decision to issue a stay on the principle that "the Court has the inherent power to protect its jurisdiction and judgments and to control its dockets." Order [Docket No. 32] at 2 (quoting *Farguson v. Mbank Houston*, 808 F.2d 358, 360 (5th Cir. 1986)). That decision was not clearly erroneous. Judge Ball relied on the Court's "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Brown*, 833 F.2d 581, 583 (5th Cir. 1987). *See also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) ("the district court's discretionary authority to issue a stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Therefore, the magistrate judge's recommendation to grant Epps' Motion to Set Aside Default of Clerk [Docket No. 26], as well as to deny Stern's related motions [Docket Nos. 30, 31], is adopted. Additionally, Stern's objections to the magistrate judge's recommendations [Docket No. 37], including his objection to the stay, are overruled in their entirety. Likewise, to the extent that Stern objects to the magistrate judge's Report and Recommendations for the reasons stated in his additional filing [Docket No. 38], that objection is overruled for the reasons

2

stated herein.

Additionally, the clerk of the court is hereby ordered to mail a physical copy of this Order to the plaintiff via United States Postal Service mail, postage prepaid.

SO ORDERED this Third day of August 2011.

*/s/ Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge
